■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OLIVER ROBINSON, Appellant.— Order, entered on October 10, 1960, denying without a hearing defendant's application for a writ of error *coram nobis* to vacate a judgment of the then County Court, County of Bronx, rendered December 9, 1958 convicting defendant on his plea of guilty of attempted robbery, third degree, unanimously reversed, on the law and on the facts, and the cause remanded for a hearing. Defendant was indicted July 2, 1956 for the crime of robbery, first degree; grand larceny, first degree; assault, second degree; and receiving and concealing stolen property. The indictment arose out of a robbery of a cab driver with the use of a revolver. Defendant had been previously convicted of a felony. During the service of his prior prison term defendant was hospitalized by reason of insanity. After the instant indictment the defendant was found insane and committed to Matteawan State Hospital on September 19, 1956 where he remained until February 24, 1958, when he was arraigned on said indictment after having been certified to be in a state of remission. On October 2, 1958 defendant entered a plea of guilty to the crime of attempted robbery, third degree, and on December 9, 1958 he was sentenced as a second felony offender to a term of not less than two years and six months nor more than five years. On June 5, 1959 defendant made his initial application for a writ of error *coram nobis* alleging the plea was induced by representations on the part of his counsel and the prosecutor that it would result in a sentence

which would be satisfied by the time he had been incarcerated. A hearing thereon was granted on June 16, 1959. Thereafter on September 30, 1959 the said application was withdrawn and in lieu thereof an amended application was filed by defendant for the same relief grounded solely on the representation of his counsel. The amended application was denied without a hearing and the order therein affirmed (11 A D 2d 655). On October 10, 1960 defendant, *pro se*, filed a third application wherein he reiterated the charges made on his first application; said application was denied without a hearing by the order here appealed. In denying relief the court stated, in part: " the filed minutes of the proceedings wherein he [defendant] withdrew this accusation is such documentary proof as demonstrates the falsity of the present claim, and no hearing is therefore required." In limiting the amended application to the representations of his counsel prior to his plea, defendant did not concede or otherwise affirm that his claim of reliance on the representations made by the prosecutor was false or factually infirm. Moreover, there is no inconsistency or incompatibility between defendant's reliance on his former counsel's representations, as alleged in the amended application, and his present reliance on the representations of the prosecutor. The exhibits annexed to defendant's present application indicate that on January 9, 1959, soon after the imposition of sentence, defendant's then attorney wrote to the senior parole officer at Ossining, New York, that it was his and the prosecutor's understanding that the defendant was not to serve any further prison time; and that in March, 1960, as evidenced by the letter dated March 31, 1960, the said attorney was of the same view. On this record the defendant did not in fact or by implication abandon his claim grounded on the representations of the prosecutor but for reasons not disclosed decided to withdraw it. In the present state of the law, although cogent arguments may be made otherwise, defendant is not precluded from now proceeding on said claim. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.